NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-1693
_____

UNITED STATES OF AMERICA

v.

ADAM J. WINDON,
                                        Appellant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 1-11-cr-00070-001)
District Judge:  Honorable Christopher C. Conner
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
January 8, 2013

Before:  RENDELL, FISHER and JORDAN, *Circuit Judges*.

(Filed: January 17, 2013)
_____

OPINION OF THE COURT
_____

FISHER, *Circuit Judge*.

Adam Windon appeals the District Court's judgment that he serve his federal sentence consecutively to his state sentence.  He also appeals the conditions of his supervised release.  For the reasons stated below, we will affirm.

I.

We write principally for the parties, who are familiar with the factual context and legal history of this case. Therefore, we will set forth only those facts necessary to our analysis.

On September 26, 2008, Windon was arrested and charged with aggravated indecent assault, corruption of minors, and unlawful conduct with minors. On May 6, 2010, a state court judge sentenced Windon to a term of five to fifteen years' imprisonment.

Jennifer Sager, Windon's wife, later contacted police in order to turn over some of Windon's electronic equipment. Police obtained search warrants for the equipment and eventually discovered 1,134 images and 165 movies that met the federal standards for child pornography. None of the children shown in the images or movies were among the children whom Windon abused in committing the state offenses. On September 1, 2011, Windon pled guilty to possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B).

The presentence investigation report ("PSR") indicated that Windon's base offense level was governed by U.S.S.G. § 2G2.2(a)(1). The PSR included a five point enhancement for a pattern of sexual abuse. The PSR also noted that under U.S.S.G. § 5G1.3(c), the District Court had discretion to run Windon's federal sentence concurrently, partially concurrently, or consecutively to his state prison sentence.

Windon objected to this determination in the PSR and argued that U.S.S.G. § 5G1.3(b), which provides for a concurrent sentence, should be applied.

The District Court disagreed and imposed a 120-month sentence to be served consecutively to the five-to-fifteen-year state sentence that Windon was already serving. The District Court also referenced the nature of Windon's criminal history and imposed a twelve-year term of supervised release, which requires Windon to submit himself to be searched at any time by any law enforcement officer who has reasonable suspicion that Windon is violating a condition of his supervised release or engaging in unlawful conduct.

## II.

The District Court had jurisdiction under 18 U.S.C. § 3231. We have appellate jurisdiction under 28 U.S.C. § 1291. Our review of the District Court's interpretation of the Sentencing Guidelines is plenary. *United States v. Kulick*, 629 F.3d 165, 168 (3d Cir. 2010). We review the District Court's factual findings as to whether the offenses were part of a continuing course of conduct for clear error. *Id.* We review the District Court's decision to impose a special condition of supervised release for abuse of discretion. *United States v. Maurer*, 639 F.3d 72, 77 (3d Cir. 2011).

III.

A.

In a sentencing situation such as this one where a previous offense forms the basis for an increase in the offense level for the instant offense, a sentence shall be imposed to run concurrently if the previous offense involved "relevant conduct to the instant offense." U.S.S.G. § 5G1.3(b). "In any other case involving an undischarged term of imprisonment, the sentence for the instant offense may be imposed to run concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment." U.S.S.G. § 5G1.3(c).

With respect to offenses, such as Windon's, for which U.S.S.G. § 3D1.2(d) requires grouping of multiple counts, "relevant conduct" includes "all acts or omissions . . . that were part of the same course of conduct or common scheme or plan as the offense of conviction." U.S.S.G. § 1B1.3(a)(2); *Jansen v. United States*, 369 F.3d 237, 248 (3d Cir. 2004) (applying the U.S.S.G. § 1B1.3(a)(2) standard "when the offense of conviction is a groupable offense, regardless of the nature of the alleged relevant conduct.").

We consider three factors in determining whether offenses are part of the same course of conduct: "(1) the temporal proximity between the two offenses; (2) the similarity of the offenses; and (3) the regularity of the offenses." *Kulick*, 629 F.3d at 171 (citing U.S.S.G. § 1B1.3, cmt. n. 9(B)). Although there is no bright-line rule defining

4

what constitutes the same course of conduct, the relative strengths of the three factors must be individually assessed. *Id.*

Although Windon possessed child pornography during the time period in which he was found to have sexually assaulted children, the two offenses are not sufficiently similar to be part of the same course of conduct. Windon argues that both offenses involve vulnerable children and offenders who operate "in the darkest corners of society's secretive and salacious underbelly." Appellant's Br. at 24. Possession of child pornography, however, involves separate and distinct conduct from sexual assault of children who are not associated with the child pornography. Furthermore, given the separate and distinct conduct of these two offenses, we cannot conclude that the offenses occurred with the same regularity.

Because the two offenses were not part of the same course of conduct, Windon's conviction for aggravated assault is not relevant conduct to his conviction for possession of child pornography, and thus, under U.S.S.G. § 5G1.3(c), it was within the District Court's discretion to impose Windon's federal sentence to be served consecutively to his state sentence.

## B.

Windon also challenges as overbroad the District Court's supervised release condition requiring him to submit to be searched at any time by any law enforcement officer who has reasonable suspicion that Windon is violating a condition of his release

or engaging in unlawful conduct. Sentencing courts have broad discretion to impose special conditions of supervised release if such conditions are "reasonably related" to the factors set forth in 18 U.S.C. § 3553(a). *Maurer*, 639 F.3d at 82. Moreover, conditions of supervised release may impose "no greater deprivation of liberty than is reasonably necessary to deter criminal conduct, protect the public, and rehabilitate the defendant." *Id.* at 83 (internal quotation mark omitted).

Here, after finding that Windon presented a danger to the public, the District Court stated that the condition of supervised release was based on the nature of Windon's criminal history. The District Court also limited searches to situations in which officers have reasonable suspicion to believe Windon is violating a condition of his release or engaging in criminal activity, and thus, the District Court ensured that the deprivation of liberty was not greater than necessary. Therefore, the District Court did not abuse its discretion in imposing the condition of supervised release.

IV.

For the foregoing reasons, we will affirm the District Court's judgment that Windon serve his federal sentence consecutively to his state sentence. We will also affirm the District Court's condition of supervised release.

6